PREET BHARARA
United States Attorney for the
Southern District of New York
Attorney for Defendant
By: ELLEN LONDON
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Tel. No.: (212) 637-2737
Fax No.: (212) 637-2702
Email: ellen.london@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SARAH MARTIN, as Administrator of the Estate of LEON MARTIN, deceased,<br><br>      *Plaintiff*,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>      *Defendant*. | **ANSWER**<br><br>11 Civ. 7738 (KBF)<br><br>ECF Case |

    Defendant United States of America, by its attorney, Preet Bharara, United States Attorney for the Southern District of New York, respectfully answers plaintiff's complaint on information and belief as follows:

    1.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the complaint.

    2.  Admits the allegations of Paragraph 2 of the complaint.

    3.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the complaint.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the complaint.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the complaint.

6. Paragraph 6 of the complaint constitutes a statement of jurisdiction to which no response is required.

7. Paragraph 7 of the complaint constitutes a statement of jurisdiction to which no response is required; to the extent a response is required, admits the factual allegations in Paragraph 7 of the complaint.

8. Denies the allegations of Paragraph 8 except admits that the New York Healthcare System ("VA NYHHCS") is a hospital maintained by the Department of Veterans Affairs, which is an agency of the United States of America.

9. Admits the allegations of Paragraph 9 of the complaint except denies that the United States of America held the VA NYHHCS out to the public at large for treatment.

10. Admits the allegations of Paragraph 10 of the complaint.

11. Admits the allegations of Paragraph 11 of the complaint that Michael Poles, M.D. is a physician specializing in the field of gastroenterology except denies that Dr. Poles "held himself out" as such.

12. Admits the allegations of Paragraph 12 of the complaint except denies that Michael Poles, M.D. operates a private office at the VA NYHHCS.

13. Admits the allegations of Paragraph 13 of the complaint except denies that Michael Poles, M.D. "held himself out to the public at large."

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the complaint.

15. Denies the allegations of Paragraph 15 of the complaint.

16. Admits the allegations of Paragraph 16 of the complaint except denies that Elizabeth Ross, M.D. operated a private office at the VA NYHHCS.

17. Admits the allegations of Paragraph 17 of the complaint and avers that Elizabeth Ross, M.D. was a medical resident who, with supervision, rendered medical care and treatment to Leon Martin, except that Defendant denies that Dr. Ross "held herself out to the public at large."

18. Admits the allegations of Paragraph 18 of the complaint.

19. Admits the allegations of Paragraph 19 of the complaint that Antonio Subietas-Mayol, M.D. is a physician specializing in the field of pathology except denies that Dr. Subietas-Mayol "held himself out" as such.

20. Admits the allegations of Paragraph 20 of the complaint except denies that Antonio Subietas-Mayol, M.D. operates a private office at the VA NYHHCS.

21. Admits the allegations of Paragraph 21 of the complaint except denies that Antonio Subietas-Mayol, M.D. "held himself out to the public at large."

22. Admits the allegations of Paragraph 22 of the complaint but denies that the VA NYHHCS was "owned by defendant." Avers that the VA NYHHCS is a healthcare facility of the Department of Veterans Affairs, an agency of the United States of America.

23. Paragraph 23 sets forth legal contentions to which no response is required.

24. Paragraph 24 sets forth legal contentions to which no response is required.

25. Paragraph 25 sets forth legal contentions to which no response is required.

26. Paragraph 26 sets forth legal contentions to which no response is required.

27. Paragraph 27 sets forth legal contentions to which no response is required.

28. Paragraph 28 sets forth legal contentions to which no response is required.

29. Admits the allegations of Paragraph 29 of the complaint.

30. Paragraph 30 sets forth legal contentions to which no response is required.

31. Deny the allegations of Paragraph 31 but avers that Dr. Ross was a resident rotating through the VA NYHHCS Residency Program, and, as such, she worked with a VA physician and a VA physician oversaw her treatment and care of VA patients, including Leon Martin.

32. Admits the allegations of Paragraph 32 of the complaint.

33. Denies the allegations of Paragraph 33 of the complaint except admits that Dr. Subietas-Mayol analyzed biopsy specimens from Leon Martin and provided a pathology report on them.

34. Paragraph 34 sets forth legal contentions to which no response is required.

35. Denies the allegations of Paragraph 35 of the complaint except admits that Dr. Subietas-Mayol analyzed biopsy specimens from Leon Martin and provided a pathology report on them.

36. Denies the allegations of Paragraph 36 of the complaint except admits that Dr. Subietas-Mayol analyzed biopsy specimens from Leon Martin and provided a pathology report on them, and that, as such, he was acting in an official capacity on behalf of the United States of America.

37. Admits the allegations of Paragraph 37 of the complaint except denies that the VA NYHHCS was "owned by defendant." Avers that the VA NYHHCS is a healthcare facility of the Department of Veterans Affairs, an agency of the United States of America.

38. Admits the allegations of Paragraph 38 of the complaint.

39. Admits the allegations of Paragraph 39 of the complaint.

40. Admits the allegations of Paragraph 40 of the complaint.

41. Admits the allegations of Paragraph 41 of the complaint.

42. Admits the allegations of Paragraph 42 of the complaint.

43. Denies the allegations of Paragraph 43 and avers that the agency denied the claim on November 18, 2011 as a result of this civil litigation having been filed.

44. Paragraph 44 sets forth legal contentions to which no response is required; to the extent a response is required, admits the allegations of Paragraph 44 of the complaint.

45. Paragraph 45 sets forth legal contentions to which no response is required; to the extent a response is required, admits the allegations of Paragraph 45 of the complaint.

46. Paragraph 46 of the complaint sets forth Plaintiff's legal contentions to which no response is required. To the extent a response is required, denies the allegations of Paragraph 46 of the complaint.

47. Paragraph 47 of the complaint sets forth Plaintiff's legal contentions to which no response is required. To the extent a response is required, denies the allegations of Paragraph 47 of the complaint.

48. Paragraph 48 of the complaint sets forth Plaintiff's legal contentions to which no response is required. To the extent a response is required, denies the allegations of Paragraph 48 of the complaint.

49. Defendant incorporates its responses to Paragraphs 1-48 of the complaint as if fully set forth herein.

50. Paragraph 50 of the complaint sets forth Plaintiff's legal contentions to which no response is required. To the extent a response is required, denies the allegations of Paragraph 50 of the complaint.

51. Paragraph 51 of the complaint sets forth Plaintiff's legal contentions to which no response is required. To the extent a response is required, denies the allegations of Paragraph 51 of the complaint.

52. Paragraph 52 of the complaint sets forth Plaintiff's legal contentions to which no response is required. To the extent a response is required, denies the allegations of Paragraph 52 of the complaint.

53. Paragraph 53 of the complaint sets forth Plaintiff's legal contentions to which no response is required. To the extent a response is required, denies the allegations of Paragraph 53 of the complaint.

54. Paragraph 54 of the complaint sets forth Plaintiff's legal contentions to which no response is required. To the extent a response is required, denies the allegations of Paragraph 54 of the complaint.

55. Paragraph 55 of the complaint sets forth Plaintiff's legal contentions to which no response is required. To the extent a response is required, denies the allegations of Paragraph 55 of the complaint.

56. Defendant incorporates its responses to Paragraphs 1-55 of the complaint as if fully set forth herein.

57. Paragraph 57 of the complaint sets forth Plaintiff's legal contentions to which no response is required. To the extent a response is required, denies the allegations of Paragraph 57 of the complaint.

58. Paragraph 58 of the complaint sets forth Plaintiff's legal contentions to which no response is required. To the extent a response is required, denies the allegations of Paragraph 58 of the complaint.

59. Paragraph 59 of the complaint sets forth Plaintiff's legal contentions to which no response is required. To the extent a response is required, denies the allegations of Paragraph 59 of the complaint.

60. Denies any remaining allegations in the complaint not otherwise answered.

## FIRST DEFENSE

Plaintiff's damages, if any, are due in whole or in part to the acts or omissions of others, known or unknown, over whom defendant United States of America exercised no control.

## SECOND DEFENSE

Plaintiff's damages were not proximately caused by acts or omissions attributable to defendant United States of America.

## THIRD DEFENSE

Plaintiff and decedent's injuries, if any, were sustained without any negligence or fault or want of care on the part of defendant United States of America.

## FOURTH DEFENSE

In the event that defendant United States of America is found to be negligent, which negligence defendant United States of America denies, the negligence of the Plaintiff or others

contributed to causing Plaintiff's or decedent's injuries, and any recovery must be proportionately reduced.

### FIFTH DEFENSE

Plaintiff's claims are subject to, and limited by, the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*

### SIXTH DEFENSE

Defendant is not liable for interest prior to judgment pursuant to 28 U.S.C. § 2674.

### SEVENTH DEFENSE

Plaintiff is not entitled to any post-judgment interest on any judgment she may receive.

### EIGHTH DEFENSE

Defendant is not liable for damages not recoverable under 28 U.S.C. § 2674.

### NINTH DEFENSE

Plaintiff has failed to mitigate her damages.

### TENTH DEFENSE

The recovery, if any, in this case must be offset by benefits Plaintiff receives pursuant to 38 U.S.C. § 1151.

### ELEVENTH DEFENSE

The recovery, if any, in this case must be reduced to reflect amounts Plaintiff has received, or will receive, from any collateral source(s).

### TWELFTH DEFENSE

Plaintiff may not recover costs or attorney's fees in excess of those permitted by 28 U.S.C. §§ 2412 and 2678.

## THIRTEENTH DEFENSE

Plaintiff is not entitled to a jury trial pursuant to 28 U.S.C. § 2402.

WHEREFORE, defendant United States of America demands judgment dismissing plaintiff's complaint and granting such further relief as this Court deems proper, including costs and disbursements.

Dated: New York, New York
January 31, 2012

        Respectfully submitted,

        PREET BHARARA
        United States Attorney for the
        Southern District of New York
        Attorney for Defendant

By:   /s/ Ellen London
      ELLEN LONDON
      Assistant United States Attorney
      86 Chambers Street, 3rd Floor
      New York, New York 10007
      Tel.: (212) 637-2737
      Fax: (212) 637-2702
      Email: ellen.london@usdoj.gov